

**Knuckles & Manfro LLP**

600 East Crescent Avenue, Suite 201 | Upper Saddle River, NJ 07458
Tel (201) 391-0370 | eFax (201) 781-6744 | www.kkmllp.com

**Partners**
Mark R. Knuckles
Jordan J. Manfro
John E. Brigandi
Louis A. Levithan

John E. Brigandi, Esq
Admitted in N.Y. and N.J.
(201) 391-0370
jeb@km-llp.com

July 30, 2025

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/30/2025
```

**MEMORANDUM ENDORSED**

**Via ECF**
Hon. Gregory H. Woods, U.S.D.J.
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:   **Brockington v. MoneyLion Technologies, Inc.**
>       **Case No. 25-cv-3453**_____

Dear Judge Woods,

    This office represents Defendant MoneyLion Technologies Inc. ("MoneyLion") in the above-referenced matter. Pursuant to your individual practices, we write on behalf of MoneyLion seeking a pre-motion conference concerning a proposed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which MoneyLion intends to file in response to Plaintiff's complaint. At this time, MoneyLion's responsive pleading deadline is today July 30, 2025. (Doc. 12)

    Plaintiff alleges in his complaint that MoneyLion violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by sending text messages to his cellular telephone number which is registered on the National Do Not Call Registry ("DNC"). Complaint, ¶¶ 14-20. Plaintiff also seeks to certify a putative class of individuals across the country who received similar messages. Complaint, ¶ 18.

    The TCPA prohibits making "telephone solicitations" to telephone numbers registered on the DNC. 47 C.F.R. § 64(c)(2). "The term telephone solicitation means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person[.]" 47 C.F.R. § 64.1200(f)(15).

    As an initial matter, Plaintiff does not allege anywhere in his complaint that MoneyLion sent him a "telephone solicitation." See Complaint, generally. Instead, Plaintiff provides examples of text messages he claims he received from MoneyLion. Complaint, ¶ 20. But these exemplars are fraudulent phishing messages sent by an unknown third party. Plaintiff does not allege that the text messages originated from a number associated with MoneyLion. Each text message contains a link hyperlink, but the hyperlink is not to MoneyLion's website, which is

www.moneylion.com.  Despite this, Plaintiff seeks to hold MoneyLion liable for these fraudulent phishing messages sent by an unknown third party.

But even if these messages were sent by MoneyLion (which they were not), Plaintiff has failed to plausibly plead that she received a "telephone solicitation" from MoneyLion.  The handful of text messages Plaintiff alleges she received from MoneyLion do not encourage Plaintiff to purchase any goods or services offered by MoneyLion.  See Complaint, ¶ 20.  They instead state: "Dear MoneyLion user, since your account credit record is good, the account limit has been increased, please click to confirm."

On their face, these messages are intended for an existing "MoneyLion user," to inform them of a change to their MoneyLion account (*i.e.*, that their "account limit has been increased.")  The messages do not encourage the intended recipient to purchase any goods or services from MoneyLion.  These sorts of transactional messages—which appear to be intended to inform a customer of a change to their account—do not fall within the definition of a "telephone solicitation".  47 C.F.R. § 64.1200(f)(15).

Plaintiff's complaint does not contain any other factual allegations which would establish that MoneyLion sent her a telephone solicitation within the meaning of 47 C.F.R. § 64.1200(f)(15).  Accordingly, Plaintiff's claims are deficient as a matter of law and are subject to dismissal under Fed. R. Civ. P. 12(b)(6).

We appreciate Your Honor's consideration and look forward to addressing these matters further at a pre-motion conference.  Thank you.

Respectfully submitted,

 /s/ John E. Brigandi
John E. Brigandi, Esq

 /s/ Artin Betpera
Artin Betperta, Esq
*Pro Hac Vice Application Forthcoming*

Application denied without prejudice.  This case is referred to Judge Moses for general pretrial and for dispositive motions.  Dkt. No. 7.  Defendant may renew its application for a pre-motion conference before Judge Moses.

SO ORDERED.

Dated:  July 30, 2025
New York, New York

GREGORY H. WOODS
United States District Judge